**UNITED STATES of America, Appellee,**

v.

**Otis TYSON, Appellant.**

**No. 11516.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1967.

Decided Nov. 10, 1967.

William Daniel Herring (Court-appointed counsel), High Point, N. C., for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

BOREMAN, Circuit Judge:

At a trial by the court without a jury Otis Tyson was convicted of possession of nontaxpaid whiskey in violation of 26 U.S.C.A. §§ 5205(a) (2) and 5604(a) (1) and sentenced to three years' imprisonment. Shortly after trial, the court-appointed attorney who had represented him in the district court, acting in accordance with Tyson's wishes, filed notice of appeal to this court and in due course was appointed to represent him here. Several weeks later, however, following a careful examination of the trial transcript, the attorney concluded that there was absolutely no merit in the proposed appeal and that any minor errors which may have been committed at trial were not so prejudicial as to constitute grounds for a new trial. The attorney informed Tyson of his views. However, Tyson was still desirous of being heard by this court and even contacted another attorney who, after reviewing the record with Tyson's court-appointed counsel, agreed that an appeal would be futile and without possibility of success.

Thereafter, counsel, endeavoring to observe and follow the pronouncements of the Supreme Court in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), prepared a brief in which he discussed two points which, in his opinion, were "the only remotely possible" points on which an appeal could be based.[1] Counsel candidly concluded his brief by stating that in his opinion the possible errors to which our attention was directed were not so substantial as to constitute grounds for a new trial.

Counsel furnished Tyson a copy of the brief and forwarded the necessary copies to this court. With the brief he also filed a motion to withdraw as counsel in which he stated substantially the facts outlined above. However, at the time of presentation of the appeal and the oral arguments at the bar of this court no action had been taken on the motion.

We have reviewed the proceedings in this case, we have studied Tyson's brief, and we have examined the transcript of the trial fully and with great care. We are convinced that the appeal is with-

[1.] On cross-examination the *defense* inadvertently elicited from a government witness testimony to which the Government objected although the testimony tended to prejudice only the defendant, if, indeed, it was prejudicial to anyone at all. Counsel now suggests that possibly the court erred in overruling the Government's objection. Secondly, it is argued that the judgment was contrary to the evidence as Tyson was indicted for possession of 120' gallons of illicit whiskey, and the evidence revealed that he actually had only four gallons in his possession when seen by the witnesses. The remaining 116 gallons, however, were nearby and under his control. We agree that these points are clearly without merit.

out merit, and it is therefore dismissed. The motion of court-appointed counsel that he be permitted to withdraw is granted, effective as of the date of entry of this court's judgment of affirmance of Tyson's conviction. We commend counsel for his diligent efforts in his client's behalf and for his candor with his client and with this court in the proceedings on appeal.

Affirmed.